# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2138

_____

Greater St. Louis Construction Laborers Welfare Fund, an employee benefit plan; Board of Trustees of the Greater St. Louis Construction Laborers Welfare Fund; Construction Laborers Pension Trust of Greater St. Louis, an employee benefit plan; Board of Trustees of the Construction Laborers Pension Trust of Greater St. Louis; St. Louis Vacation Fund, an employee benefit plan; Board of Trustees of the St. Louis Vacation Fund; Construction Laborers & Contractors Training Fund of Eastern Missouri, an employee benefit plan; Board of Trustees of the Construction Laborers & Contractors Training Fund of Eastern Missouri; Local Union Nos. 41-110; Laborers International Union of North America, AFL-CIO, labor organizations

*Plaintiffs - Appellees*

v.

B.F.W. Contracting, LLC, doing business as BFW Contractors; BFW Contractors, LLC, doing business as BFW Contractors

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: February 16, 2023
Filed: August 3, 2023

_____

Before SMITH, Chief Judge, STRAS and KOBES, Circuit Judges.

SMITH, Chief Judge.

Four employee benefit funds and their Boards of Trustees as well as two labor unions (collectively, "Boards") sued B.F.W. Contracting, LLC and B.F.W. Contractors, LLC (collectively, "Contractors") to compel an audit and recover money damages pursuant to a collective bargaining agreement (CBA) signed onto by Contractors. The district court granted summary judgment for the Boards and found damages in the amount of $48,568.76. Because genuine issues of material fact remain, we reverse.

## I. *Background*

The Contractors are companies engaged in the business of contracting for construction services that sought to sign on to a regional CBA. They signed a one-page agreement on July 21, 2015, that bound them to the entirety of the regional CBA. The CBA was effective from March 1, 2014, to March 1, 2019. The CBA also bound all signatories to subsequent agreements, renewals, changes, and extensions unless signatories gave notice between 60 and 90 days before the termination date.

The CBA terminated on February 28, 2019. Therefore, to avoid being bound to a subsequent agreement, the Contractors would have had to give notice of their termination between December 1 and December 31, 2018. The original CBA was later renewed to be effective from March 1, 2019 until February 29, 2024. The Contractors failed to provide notice of termination in December 2018 and thus were bound to this subsequent CBA.

Both the original and the new CBA required the Contractors to submit monthly forms and contributions to certain union funds in amounts specified in the CBA. Between February and June of 2019, the Contractors reported that they had no covered laborers and took inactive status in July of 2019, in accordance with the

CBA. The Contractors remained as a signatory to the CBA and were required to resume reporting if they employed covered laborers again.

The Boards, under the terms of the CBA, audited the Contractors for the period from January 1, 2017, through March 31, 2020. The Contractors refused to supply certain information requested by the Boards which they deemed necessary to complete the audit. In June of 2021, the district court issued an order compelling the production of the information. The Boards' retained auditor completed the audit and issued a report on September 21, 2021. The audit found that the Contractors had failed to report and pay necessary dues and contributions on 1,210.61 hours of covered work.

The Boards moved for summary judgment. They sought $48,568.76 based on "unpaid contributions, liquidated damages, interest, court costs, and attorney's fees on all unpaid and owed contributions." R. Doc. 44, at 6. This was based on statutory provisions, the failure of the Contractors to successfully terminate their obligations under the CBA, and their refusal to provide the pertinent financial documents.

The district court rejected several of the Contractors' arguments. First, it rejected their argument that the district court lacked subject matter jurisdiction. The Contractors had contended that the Employee Retirement Income Security Act (ERISA) did not apply to them nor were they covered by the CBA. The district court disagreed, finding that ERISA gave federal district courts exclusive jurisdiction over these kinds of claims and that the Contractors were indeed bound by the CBA. Next, it rejected the Contractors' argument that the National Labor Relations Act (NLRA) was implicated, and held that the Boards were not required to exhaust administrative remedies under the Act. Third, the district court rejected the Contractors' additional argument that they could unilaterally terminate the agreement under 29 U.S.C. § 158(f) or § 8(f) of ERISA, and similarly rejected the argument that the Contractors

qualified as a "one employee" unit that would allow them to unilaterally terminate. The district court similarly rejected attacks on the audit and on the cost determination.

Lastly, the district court rejected the Contractors' motion for reconsideration. The court concluded the motion was lacked merit "as it merely reiterates arguments previously raised and rejected by the Court." R. Doc. 73, at 1.

The district court granted the motion for summary judgment. Based on the record before it, the district court found the Boards incurred $30,368.22 in damages on the 1,210.61 hours of unreported covered work. This sum included fringe benefit contributions, supplemental dues, liquidated damages, and interest.[1] It also found damages in the amount of $4,792 for the cost of the audit, $11,015 in attorneys' fees, and $2,393.54 in court costs. This appeal followed.

## II. *Discussion*

"We typically review a grant of summary judgment de novo, affirming only where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *A.I.G. Agency, Inc. v. Am. Int'l Grp., Inc.*, 33 F.4th 1031, 1034 (8th Cir. 2022) (cleaned up). "Although a party moving for summary judgment has the burden of demonstrating the absence of any genuine issue of material fact, a nonmoving party may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Rose-Maston v. NME Hosps.*, 133 F.3d 1104, 1107 (8th Cir. 1998). "The court determines materiality from the substantive law governing the claim." *Liebe v. Norton*, 157 F.3d 574, 578 (8th Cir. 1998). "Disputes over facts that might affect the outcome of the lawsuit according to applicable substantive law are material. A material fact dispute

---

[1]There is a scrivener's error in the district court's Memorandum and Order at R. Doc. 68, at 7. The supplemental dues number that was actually calculated was $1,657.25 as opposed to the $1,667.25 that is in the district court order. R. Doc. 45-11, at 5. The ultimate calculation of $30,368.22, however, is correct.

is 'genuine' if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party." *Id.* (citations omitted).

On appeal, the Contractors argue that (1) B.F.W. Contracting LLC was not a proper party to the litigation, (2) there was never a breach of the CBA, (3) the audit was improper, (4) that the CBA was terminated by Contractors, and (5) the costs awarded by the district court were improper.[2] We need not consider the merits of these various arguments, because we find that there remains at least one genuine issue of material fact[3] which makes summary judgment inappropriate: whether the Contractors had a duty to pay supplemental dues under the CBA.

The Contractors argue that no obligation to pay the $1,657.25 in supplemental dues ever arose because the CBA required that they first be provided employee authorization cards. Appellants' Br. at 49–50. The relevant language of the CBA is "Section 5.08: Supplemental Dues" and reads as follows:

> It is specifically understood that no supplemental dues shall be deducted from any employee's wages unless and until such time as the Employer has physically in his possession an authorization card signed by the employee providing for such deduction and payment to the respective Local Unions.

---

[2]In the Contractors' Brief, the issues are listed as (1) whether the Boards sustained their burden at summary judgment, (2) whether the district court could rely on the audit, and (3) whether the Contractors sustained their burden at summary judgment. The listing in the text above provides a more comprehensive view of the sub-issues also laid out in the opening brief. *See* Appellants' Br. at 17–18, 26–27, 48–51.

[3]In finding this genuine issue of material fact, we do not mean to limit the scope of remand to this issue alone. On remand, the district court can and should consider any and all unresolved factual issues that remain.

R. Doc. 45-3, at 15. The text of the CBA makes clear that the employer — in this case, the Contractors — was required to have the authorization card in their possession prior to paying the dues. The Contractors contend that they never received the cards, and the Boards failed to establish that they ever provided such cards. The Boards have only shown that the Contractors believed themselves to be covered by the CBA and that they did collect dues, as revealed by the audit documents. *See, e.g.*, R. Doc. 45-7. While these facts are consistent with the Contractors' duties under the CBA, the authorization cards were explicitly required by the CBA.

The Boards argue that the Contractors forfeited the argument about supplemental dues because they failed to raise it before the district court. *See McClune v. Farmers Ins. Co.*, 12 F.4th 845, 850 (8th Cir. 2021). The Boards are incorrect. The Contractors made this argument in their Response to the Statement of Material Facts by the Plaintiff, R. Doc. 62, at 4–5, as well as in their Supplemental Reply Memorandum, R. Doc. 67, at 5–6. This was enough to avoid forfeiture and allow us to consider the issue on appeal. *See Weitz Co., LLC v. Lloyd's of London*, 574 F.3d 885, 890 (8th Cir. 2009) ("It would be in disharmony with one of the primary purposes of appellate review were we to refuse to consider each nuance or shift in approach urged by a party simply because it was not similarly urged below." (cleaned up)); *cf. Hiland Partners GP Holdings, LLC v. Nat'l Union Fire Ins. Co.*, 847 F.3d 594, 598 (8th Cir. 2017) ("A party therefore cannot assert arguments that were not presented to the district court in opposing summary judgment in an appeal contesting an adverse grant of summary judgment." (internal quotation marks omitted)).

Additionally, the Boards argue that failure to pay the supplemental dues resulted in a breach of the CBA provision which authorized the dues under the Labor-Management Relations Act, 29 U.S.C. § 186(c)(2). However, as the plain language of the CBA makes clear, there is no violation of that provision if the Contractors never received the employee authorization cards as required by both the CBA and 29

U.S.C. § 186(c)(4). Without a breach of this subsection of the CBA, these statutory provisions are inapplicable. Also, without evidence that the authorization cards were actually supplied, the Boards cannot show that Subsection 5.08 of the CBA was breached. Thus, a genuine issue of material fact remains whether supplemental dues were required to be paid. The fact issue remains of whether the Boards supplied the Contractors with the required signed authorization cards.

### III. *Conclusion*

For these reasons, we reverse the order for summary judgment in this case and remand to the district court for further proceedings consistent with this opinion.

_____